# In the United States Court of Federal Claims

No. 12-85
Filed: March 11, 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
|  |  |
|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | Attorney-Client Privilege; Discovery. |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| THE BOEING COMPANY, | |
| and | |
| INSITU, INC., | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER
RULING ON ATTORNEY-CLIENT PRIVILEGE
DOCUMENTS, SUSPENDING DISCOVERY,
AND CANCELING PENDING TRIAL DATES**

On February 16, 2016, Plaintiff filed a Motion To Compel Discovery. On February 22, 2016, the court convened a hearing ("2/22/16 TR 1–90"). Following argument, the court granted-in-part and denied-in-part Plaintiff's February 16, 2016 Motion To Compel. 2/22/16 TR 30–31, 34–35, 45–46, 49, 50–51, 59, 61–73. As to the documents that the Third-Party Defendants asserted were subject to attorney-client privilege, the court ordered submission of these documents for an *in camera* review. 2/22/16 TR 30–31.

On February 26, 2016, the court was provided with a notebook of documents, segregated into Sections A–E. Section A contains correspondence between Perkins Coie LLP and Insitu, Inc., the contested patents in this case, the patent applications of Mr. William R. McDonnell, and a study prepared for the United States Army Air Mobility Research and Development Laboratory. Section B contains correspondence and analyses prepared by Perkins Coie LLP and Wilmer Cutler Pickering Hale and Dorr LLP for Insitu, Inc. Section C contains correspondence between Insitu, Inc. and internal and external counsel, Insitu's patent applications, and correspondence from Mr. McDonnell. Section D contains a July 18, 2008 presentation to the Insitu Board of Directors. Section E contains documents related to the Boeing Company's acquisition of Insitu, Inc.

After reviewing 1,005 documents, the court rules as follows:

| | |
|---|---|
| Section A: Pages 42–123 | These materials are not subject to the attorney-client privilege. |
| Section A: Pages 124–203, 451–531. | These materials are subject to the attorney-client privilege. |
| Section A: Pages 204–301 | These materials are not subject to the attorney-client privilege. |
| Section A: Pages 302–361 | These materials are not subject to the attorney-client privilege. |
| Section A: Pages 362–450 | These materials are not subject to the attorney-client privilege. |
| Section B: Pages 1–27, 29–40, 550–54, 555–62, 799–810 | These materials are subject to the attorney-client privilege. |
| Section B: Pages 811–51 | These materials are not subject to the attorney-client privilege. |
| Section B: Pages 854–61 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 563–65 | These materials are subject to the attorney-client privilege, but for the August 7, 2005 email from Randy McDonnell to Steve Silva |

2

|  | that begins partially on page 563 and concludes on page 565. |
|---|---|
| Section C: Page 566 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 567–71 | These materials are not subject to the attorney-client privilege. |
| Section C: Pages 572–82 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 583–97 | These materials are not subject to the attorney-client privilege. |
| Section C: Page 598 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 599–613 | These materials are not subject to the attorney-client privilege. |
| Section C: 614–15 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 616–67 | These materials are not subject to the attorney-client privilege. |
| Section C: Pages 669–72, 687–88, 701–02, 705–06, 738–39, 752, 762 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 673–86, 689–700, 703–04, 707–37, 740–51, 753–61, 763–64 | These materials are not subject to the attorney-client privilege. |
| Section C: Pages 765–98 | These materials are subject to the attorney-client privilege. |

| | |
|---|---|
| Section C: Pages 862–63 | These materials are subject to the attorney-client privilege, but for the May 22, 2002 email from Steve Silva to Randy McDonnell that partially begins on page 862 and ends on page 863. |
| Section C: Page 864 | These materials are subject to the attorney-client privilege. |
| Section C: 865–66 | These materials are subject to the attorney-client privilege, but for the e-mail to Randy McDonnell from Tad and the response that begins partially on page 865 and ends on 866. |
| Section C: Page 867 | These materials are subject to the attorney-client privilege. |
| Section C: Page 868 | These materials are subject to the attorney-client privilege. |
| Section C: Page 869 | These materials are subject to the attorney-client privilege, but for the March 12, 2001 letter, the July 12, 2001 email from Tad to Randy McDonnell and response email from Randy McDonnell.  Those items were referenced as attachments, but not provided to the court. |
| Section C: Page 871 | These materials are subject to the attorney-client privilege, but for the Prior Art 36761.8000 Technical Reports Attachment. |
| Section C: 872–73 | These materials are subject to the attorney-client privilege, but for the July 23, 2005 email from Steve Sliwa to Randy McDonnell that begins on page 872 and the email from Randy McDonnell to Steve Sliwa on page 873. |

| | |
|---|---|
| Section C: Page 874 | These materials are subject to the attorney-client privilege, but for the Prior Art 39761.8000 Technical Reports Attachment. |
| Section C: Pages 875–77 | These materials are subject to the attorney-client privilege, but for the August 7, 2005 e-mail from Randy McDonnell to Steve Sliwa. |
| Section C: Page 878 | These materials are subject to the attorney-client privilege, but for the Demand Note from Randy McDonnell. |
| Section C: Pages 879–81 | These materials are subject to the attorney-client privilege, but for the August 7, 2005 email from Randy McDonnell to Steve Sliwa that partially begins on page 879 and ends on page 881. |
| Section C: Page 883 | These materials are subject to the attorney-client privilege, but for the August 9, 2005 email from Randy McDonnell to Steve Sliwa. |
| Section C: Page 884 | These materials are subject to the attorney-client privilege, but for the October 11, 2005 email from Randy McDonnell to Steve Sliwa. |
| Section C: Pages 885–86 | These materials are subject to the attorney-client privilege. |
| Section C: Pages 887–88 | These materials are subject to the attorney-client privilege, but for the June 17, 2010 email from Brad Schrick to Steve Sliwa and the related attachments that were not produced to the court. |
| Section C: Pages 889–90 | These materials are not subject to the attorney-client privilege. |

| Section C: Page 891 | These materials are subject to the attorney-client privilege, but for the McDonnell PCT Application, which was not attached. |
|---|---|
| Section D: Pages 532–49 | These materials are subject to the attorney-client privilege. |
| Section E: Pages 852, 897–1005 | These materials are not subject to the attorney-client privilege and relevant to damages. |

On March 10, 2016, the court convened a telephone status conference in preparation for the upcoming trial.  At this conference, the Government informed the court that it recently received new information through discovery that implicated the court's jurisdiction and would be filing a Motion To Dismiss.  In light of this development, the court has ordered that production of the privileged documents in this case, all pending discovery, including outstanding depositions, are suspended.  The infringement trial scheduled for April 18–22, 2016 and the damages trial scheduled for June 13–17, 2016 are canceled.  The court also denies the Government's February 9, 2016 Motion To Amend Pleadings, without prejudice.  The Government is ordered to file a Motion To Dismiss on or before April 11, 2016.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**