# In the United States Court of Federal Claims

No. 12-85 C
Filed: February 15, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., | |
| Plaintiff, | Assignment of Claims Act, 31 U.S.C. § 3727 (a)(1)–(2),(b); |
| v. | Rule of the United States Court of Federal Claims ("RCFC") 15(a)(2) (Amendments Before Trial). |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| THE BOEING COMPANY, | |
| and | |
| INSITU, INC., | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Craig S. King**, Arent Fox LLP, Washington, D.C., Counsel for Plaintiff.

**David A. Foley, Jr.**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Scott M. McCaleb**, Wiley Rein, LLP, Washington, D.C., Counsel for Third-Party Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO AMEND ANSWER

**BRADEN**, *Judge*.

I.  BACKGROUND AND PROCEDURAL HISTORY.

On February 9, 2016, the Government filed a Motion For Leave To File An Amended Answer To Plead An Assignment Of Claims Act Defense ("Gov't Mot."). ECF No. 112. On

February 26, 2016, Plaintiff filed a Response ("Pl. Resp."). ECF No. 126. On March 7, 2016, the Government filed a Reply ("Gov't Reply"). ECF No. 130.

On March 10, 2016, the court convened a telephone status conference in preparation for the upcoming trial, at which time the Government informed the court that new information was identified that implicated the court's jurisdiction. ECF No. 135.

On March 11, 2016, the court issued a Memorandum Opinion And Order Ruling On Attorney-Client Privilege Documents, Suspending Discovery, And Canceling Pending Trial Dates. *See Advanced Aerospace Technologies, Inc., v. United States*, 125 Fed. Cl. 581, 586 (2016). In addition, the court denied the Government's February 9, 2016 Motion To Amend, without prejudice, and ordered the Government to file a Motion To Dismiss by April 11, 2016. *Id.* at 586.

On April 11, 2016, the Government filed a Motion To Dismiss. ECF No. 134. On November 30, 2016, the court issued a Memorandum Opinion And Order Denying The Government's Motion To Dismiss For Lack Of Subject Matter Jurisdiction. *See Advanced Aerospace Technologies, Inc., v. United States*, 129 Fed. Cl. 525, 525–39 (2016).

On January 17, 2017, the Government filed a Motion To Renew Previously Filed Motion ("Gov't Renew Mot."), seeking leave to renew the February 9, 2016 Motion To Amend. ECF No. 154 at 1. On January 18, 2017, Plaintiff filed an Opposition ("Pl. Opp."). ECF No. 155. On January 30, 2017, the Government filed a Reply ("Gov't Renew Reply"). ECF No. 160.

**II.    DISCUSSION.**

    **A.    The Government's January 17, 2017 Motion To Renew The February 9, 2016 Motion To Amend.**

        **1.    The Government's Argument.**

By the January 17, 2017 Motion, the Government requests that the court grant it leave to amend the December 20, 2013 Answer to plead an additional defense under the Assignment of Claims Act, 31 U.S.C. § 3727,[1] based on papers already filed with the court. Gov't Renew Mot. at 2 (citing *Doe v. United States*, 106 Fed. Cl. 118, 127 (2012) ( "Rather than directing plaintiffs to renew their earlier motion, and requiring the parties to brief that motion a second time, in the interest of judicial economy the court will simply address that request *sua sponte* based on the parties' prior briefing on the denied motion."). Under Rule of the United States Court of Federal Claims ("RCFC") 15(a)(2), "the court should freely give leave [to amend] when justice so requires."

---

[1] The Assignment of Claims Act provides that an "assignment" is "a transfer or assignment of any part of a claim against the United States Government . . . [or] the authorization to receive payment for any part of the claim." 31 U.S.C. § 3727(a)(1)–(2). "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant payment of the claim has been issued." 31 U.S.C. § 3727(b).

By the earlier February 9, 2016 Motion to Amend, the Government argues that its request to amend the Answer is timely, because the additional defense is derived from Plaintiff's January 27, 2016 response to the Government's requests for admissions. Gov't Mot. at 2. The Government adds that this is the "first request to amend its pleadings in this matter." Gov't Mot. at 3. In addition, this defense is "limited to a narrow legal issue, for which all of the relevant factual information, is, and has been, in Plaintiff's possession." Gov't Mot. at 3. Specifically, in this case, the asserted patents name two co-inventors: William R. McDonnell and Charles H. Baker. Gov't Mot. at 2. Although Mr. McDonnell assigned his interest in the patents to Plaintiff on October 25, 2004, Mr. Baker did not assign his interest in the patents to Plaintiff until March 21, 2008. Gov't Mot. at 2. This is a dispositive predicate fact allowing the Government to assert an Assignment of Claims Act defense to any claim of patent infringement arising prior to March 21, 2008. Gov't Mot. at 2.

Since this defense bears on the quantum of recovery and adjudication of damages is bifurcated, "all parties will be able to prepare their expert reports on damages with the full-knowledge of the defense." Gov't Mot. at 3. Finally, "the Government has not acted in bad faith and the requested amendment is just." Gov't Mot. at 3.

### 2.    Plaintiff's Response.

By the February 26, 2016 Response, Plaintiff responds that the Motion To Amend is untimely. Pl. Resp. at 2. Specifically, the March 21, 2008 Assignment of patent rights is a matter of public record at the United States Patent And Trademark Office ("PTO") for the past eight years. Pl. Resp. at 2. Therefore, "[t]he Government has no justification for waiting years to now assert this eleventh-hour defense." Pl. Resp. at 2. Although the Government argues that the additional defense is based on Plaintiff's response to a request for admission, this admission was merely confirmation that the March 21, 2008 Assignment was a "true and correct copy." Pl. Resp. at 2.

More importantly, the Motion To Amend is futile, because there is no "basis in fact or law for the Government's apparent assertion that the addition of Mr. Baker as a co-inventor (and the concurrent assignment of his rights) in 2008 somehow divested AATI of the rights it had in the patents prior to the addition of Mr. Baker's assignment." Pl. Resp. at 3 (citing *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) (holding one co-owner lacks "the power . . . to destroy the other's accused rights to damages")).

Finally, the Assignment of Claims Act was enacted to prevent trafficking in claims and potential payment of claims and these are not in issue. Pl. Resp. at 3.

By the January 18, 2017 Opposition, Plaintiff adds that allowing the Government to amend the Answer at this junction is premature, because "both trial and discovery on damages have been bifurcated, and the parties are currently in the liability phase, with trial scheduled to begin on April 24, 2017" and the Government's additional defense "pertains only to damages." Pl. Opp. at 1–2.

### 3.    The Government's Reply.

The Government replies that the February 9, 2016 Motion To Amend is timely. Gov't Reply at 3. The factual basis for the Motion is based upon Plaintiff's admissions; namely, an admission that the March 21, 2008 Assignment was the "*only written agreement* between Charles

H. Baker and Plaintiff related to assignment of *any rights* in or to the patents-in-suit." Gov't Reply at 3 (emphasis original). Plaintiff argues that this March 21, 2008 Assignment was available at the PTO for years, but, under 35 U.S.C. § 261, patentees are not required to record patent assignments. *See Gaia Techs, Inc., v. Reconversion Techs., Inc.*, 93 F.3d 774, 777 (Fed. Cir. 1996) ("[R]ecording of an assignment [under 35 U.S.C. § 261] is necessary *only* to protect the assignee from subsequent bona fide purchasers without notice."). Therefore, prior to Plaintiff's admissions, the Government could not have known whether earlier agreements between Mr. Baker and Plaintiff regarding the patents-in-suit existed. Gov't Reply at 4. And, in any event, "delay alone will not generally justify denying a motion to amend a pleading absent showing of prejudice from the delay." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994). In this case, Plaintiff is not prejudiced, because the Assignment of Claims Act defense affects damages only, and does not affect liability. Gov't Reply at 4.

The Government adds that the Assignment of Claims Act defense is not futile. The co-inventor of a patent owns a "pro rata undivided interest in the entire patent." *Israel Bio-Eng. Proj. v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007). Plaintiff did not have standing to bring a claim against the Government until it acquired full ownership over the patent. Gov't Reply at 5. Although Plaintiff argues that the Government's Assignment of Claims Act defense goes against the "purposes" of the Act, that Act "undisputedly applies to patent claims against the [G]overnment." Gov't Reply at 6 (citing *Foster v. United States*, 230 Ct. Cl. 938, 940 (1982) (holding that the Assignment of Claims act applies to bar patent claims that arise prior to patent ownership)).

      **B.**      **The Court's Resolution.**

RCFC 15(a)(2) provides that a party may amend its pleading by leave of the court, and the court's leave should be freely given when justice so requires. The existence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" may justify the denial of a motion for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The most important factor is prejudice to the opposing party. *See United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.").

In a prior case, undue delay was found when a party waited for more than a decade before seeking an amendment. *See Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1364 (Fed. Cir. 2013) (upholding decision of United States Court of Federal Claims to deny leave to amend after 15 years had passed). Generally, however, "delay alone will not . . . justify denying a motion to amend a pleading." *King*, 26 F.3d at 723. In this case, Plaintiff is not prejudiced by the addition of the Assignment of Claims Act defense, as it is not relevant until damages are determined, assuming that there is a determination of liability. Moreover, Plaintiff misstates the Government's reasoning for waiting until February 9, 2016, to amend the Answer. The Government did not have sufficient factual basis to plead the additional defense until Plaintiff's January 27, 2016 admission that the March 21, 2008 Assignment was the only assignment relating to the patents-in-suit. Gov't Reply at 4. Therefore, it is irrelevant that the March 21, 2008 Assignment publically was available at the PTO for some time.

Of course, when a proposed amendment is futile, leave to amend a pleading should not be granted. *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989). In this case, however, Plaintiff will not be able to recover damages for any period for which the Government successfully demonstrates that Plaintiff did not have sole ownership over the patents-in-suit. *Israel Bio-Eng. Proj.*, 475 F.3d at 1264 ("When one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing.").[2] As such, the Government's Assignment of Claims Act defense is not futile, as it goes directly to determining patent ownership.

With respect to Plaintiff's argument that pleading an Assignment of Claims Act defense in this case would go against the "purposes" of that Act, Plaintiff is mistaken. *See Foster*, 230 Ct. Cl. at 940 ("[T]he case law clearly establishes the applicability of [the Assignment of Claims Act] to prevent assignment of patent claims[.]").

Finally, Plaintiff's argument that the Motion To Amend is premature is inconsistent with Plaintiff's earlier argument that the Government engaged in undue delay. In any event, Plaintiff is not prejudiced by receiving notice of an additional defense far in advance of the damages stage.

### III.  CONCLUSION.

For these reasons, the court grants the Government's January 17, 2017 Motion To Renew Previously Filed Motion, and grants the Government's February 9, 2016 Motion To Amend the December 20, 2013 Answer, on the papers already filed with the court. *See* RCFC 15(a)(2).

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[2] Plaintiff cites *Schering Corp v. Roussel-UCLAF SA*, 104 F.3d 341 (1997), for the proposition that one co-owner lacks "the power . . . to destroy the other's accused rights to damages." *Id.* at 345. But, that case concerned a co-ownership agreement that gave each co-owner the right to unilaterally sue on the patent. *Id.* at 344. As the United States Court of Appeals for the Federal Circuit explained, "absent such an agreement . . . [a co-owner] would not be able to sue for infringement if [the other co-owner] declined to join the suit." *Id.*